*IN THE UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF MARYLAND*
*(NORTHERN DIVISION)*

| | | |
|---|---|---|
| **SAINT PAUL'S BY-THE-SEA EPISCOPAL CHURCH, A/K/A VESTRY OF SAINT PAUL'S BY-THE-SEA** 302 N. Baltimore Avenue Ocean City, MD 21842 | \* \* \* \* | |
| and | \* | |
| **DANIEL HARRIS,** 10145 Queens Circle, Ocean City, MD 21842 | \* \* | **CIVIL CASE NO.:**_____ |
| and | \* | |
| **THE REVEREND JILL WILLIAMS** 33738 Chatham Way, Frankford, DE 19945 | \* \* | |
| **Plaintiffs,** | \* | |
| **v.** | \* | |
| **MAYOR AND CITY COUNCIL OF OCEAN CITY, MARYLAND** City Hall 301 N. Baltimore Avenue Ocean City, MD 21842 | \* \* | |
| **Defendant.** | \* | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## COMPLAINT

Plaintiffs Saint Paul's By-The-Sea Episcopal Church (the "Church" or "St. Paul's"), a/k/a Vestry of Saint Paul's By-The-Sea, Daniel Harris ("Senior Warden Harris") and the Reverend Jill Williams ("Rev Williams") through counsel bring this Complaint against the Mayor and City Council of Ocean City, Maryland (the

"Town") for violations of the Free Exercise Clause of the First Amendment to the United States Constitution, actionable under 42 U.S.C. § 1983; and for violations of the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq.*, ("RLUIPA"). Plaintiffs seek declaratory relief, injunctive relief, and an award of attorneys' fees and costs.

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that this action asserts violations of rights secure by the laws of the United States; specifically 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 2000cc.

2.      Defendant is incorporated in the District in Maryland and all of the acts or omissions giving rise to Plaintiffs' claims occurred in the District of Maryland.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3.      This Court may award attorneys' fees and costs pursuant to 42 U.S.C. § 1988(b).

## PARTIES

4.      Plaintiff Saint Paul's By-The-Sea Episcopal Church is an Episcopal church located in Ocean City, Maryland. The Church began conducting worship services at its present location in 1900 and was organized as a Maryland religious corporation in 1921. It is recognized as a tax-exempt religious institution under the Internal Revenue Code and exists for the purpose of

2

conducting worship services and effectuating the doctrines of the Episcopal Church. It is a parish of the Episcopal Church of America, through the Diocese of Easton.

5. Senior Warden Harris is a resident of Maryland and serves on the St. Paul's Vestry, the Church's administrative body.

6. Rev. Williams is a resident of Maryland. She is St. Paul's Rector, and thus its religious leader and pastor. Rev. Williams also serves as Chair of the Vestry.

7. The Town is a municipal corporation of the State of Maryland located in Worcester County, Maryland, with all the privileges of a body corporate to sue and be sued and to plead and be impleaded in any court of law.

## FACTS COMMON TO ALL COUNTS

8. St. Paul's is located at 302 North Baltimore Avenue in Ocean City, Maryland. The Church has been at that location since 1900 and is one of the oldest buildings in Ocean City.

9. Ocean City is a resort town on the Lower Eastern Shore, and the Church is in close proximity to a boardwalk and many rooming houses, boarding houses, lodging houses, hotels, and motels, including the Beach Bum Inn, located directly across the street. Most of these establishments allow multi-guest occupancies, as exemplified by the Beach Bum Inn, which offers 25 to 30 rooms, sleeping up to four guests per room. The "neighborhood" has a prevailing Coney,

Island culture with few single-family residences and many intensive multi-unit uses.

10.    St. Paul's has a long-standing practice of feeding and sheltering Ocean City's homeless population. For many years, the Church operated a food pantry on its grounds to accommodate the many persons in Ocean City who subsist below the poverty level. In 2024, the Church began offering hot lunches five days a week, serving 50-60 persons during the winter "off" season and twice that in the summer. Participants have been allowed to shelter in the church for up to two hours in inclement weather; this has been supplemented by the Church's "A Place To Be" program, which allows homeless persons to shelter in the Church between noon and 2:00 on Tuesdays, without regard to participation in a meal. In 2025, the Town of Ocean City enacted an ordinance prohibiting persons from sleeping in public places for more than twenty-four hours. The passing of this ordinance created an exigent crisis for Ocean City's many homeless and unhoused persons. St. Paul's responded by inviting these persons to sleep in tents on the Church grounds.

11.    The Town of Ocean City then directed the Church to prohibit further camping on church grounds and to move its homeless wards inside the Church. The Church agreed to do so, provided adequate time could be allowed to meet fire code provisions and to take appropriate safety measures. The Town acquiesced, and the Church moved all its homeless guests inside by April 1, 2026.

4

12.    The Church created a dormitory-style housing arrangement in its Church hall, accommodating on average thirty people. The Church arranged for inspection by the Fire Marshal, which it passed, and otherwise took all necessary and appropriate measures to ensure the safety of its guests.

13.    In defiance of its agreement with the Church, the Town wrote May 8 directing the Church to expel its homeless wards by June 8, on the spurious theory the Church's arrangements violated the R-3 zoning restrictions applicable to the Church's neighborhood. The Town warned that noncompliance would result in the immediate imposition of fines, which would be capitated daily.

14.    On June 8, the Town issued $1,000 civil citation fines to the Church's Senior Warden, Dan Harris, and its Rector, Jill Williams. The Town did so again June 9, and has done so on each succeeding day. (Oddly, the Town has neither cited nor fined the Church itself.) Copies of the first two citations are attached as **Exhibits A and B**.

15.    The Rector, Senior Warden and congregation of St. Paul's are compelled by long-standing "social gospel" tenets of the Episcopal Church to take care of persons who are marginalized, poor, or oppressed, especially when others refuse to do so. These tenets are enshrined in the Book of Common Prayer, a codification of core Episcopalian beliefs, and are derived from commandments appearing in both the Old and New Testaments of the Christian Bible. These ancient precepts of the Episcopal Church were recently reaffirmed at the 2024 General Convention of the Episcopal Church of America, and then reiterated in Presiding Bishop Sean Rowe's Christmas message to all American Episcopalians,

delivered December 23, 2025: "The birth of the Christ Child heralds a new reality where the last shall be first, the hungry will be fed, and the stranger among us shall be welcomed as a beloved child of God."

16.    If the Church is forced to expel its homeless guests, these unhoused persons will be exposed to the elements: Ocean City is prone to Nor'easters, tropical storms and hurricanes, and, because of its proximity to the Atlantic Ocean, is subject to much colder winter weather than is typical of the Lower Eastern Shore. Moreover, the homeless population housed at St. Paul's, for various reasons, is unable to gain entry to the handful of homeless shelters available elsewhere on the Lower Eastern Shore.

17.    The urgency of the crisis being addressed by the Church and the religious basis for the Church's response are obvious, and the Town has no countervailing need to prohibit the Church's actions and only specious grounds for rationalizing that prohibition. The argument advanced by the Town — that "barracks-style living quarters" are prohibited because they are not specifically permitted — is an infamous last resort for officials seeking to shut down a use disfavored by politics but not by law. Moreover, Section 110-392(1) of the Town's Zoning Code permits in the Church's R-3 district "[a]ny use permitted in the R-1 single-family residential district or the R-2 medium residential district," and the list of permitted uses in the R-2 medium residential district includes, "rooming houses, boarding houses, and lodging houses," Section 110-332(5), and also "hotels and motels," Section 110-332(6). Notably, "barracks-style housing" is prohibited by the Town's Zoning Code only as "employee housing,"

6

Section 110-886(d), which clearly does not apply to St. Paul's, as the Church's accommodations are available to the unhoused and not to employees, and may only imaginatively be described as "barracks-style." (Notably, the military-style regimen which denoted a "barracks" is absent from the arrangements at St. Paul's.)

18.    Indeed, it might be said that the Town's own interests — "compelling" or otherwise — are being served by the Church in housing persons whose needs are manifestly not being met by the Town. Certainly, were the Church to expel its homeless guests, they would have no choice but to take refuge on the boardwalk, on nearby business establishments, and at Town Hall itself, forty feet away from the Church. Were the Church to bend to the Town's ultimatum and expel the homeless persons staying in its Church hall, some likely would resume camping on the Church's grounds, thus re-starting the cycle which lead to the current impasse.

## CAUSES OF ACTION

### COUNT I
### DEPRIVATION OF FIRST AND FOURTEENTH AMENDMENT RIGHTS
### (42 U.S.C. § 1983)

19.    The facts alleged above are incorporated by reference.

20.    By prohibiting the Church from housing homeless persons in its Church hall, in fulfillment of fundamental Church doctrine, the Town is obstructing Plaintiffs in its free exercise of religious belief. This unconstitutional

obstruction is without governmental justification and is an unwarranted application of the Town's police powers.

21. The Town's actions in violation of the Free Exercise Clause of the First Amendment have generated undeserved notoriety for Plaintiffs, creating the false public perception that they are lawbreakers, scofflaws, and criminals. This notoriety has unfairly stigmatized Plaintiffs, causing incalculable damage and harm.

## COUNT II
## INTERFERENCE WITH LAND USE AS RELIGIOUS EXERCISE
## (42 U.S.C. § 2000cc)

22. The facts alleged above are incorporated by reference.

23. Housing homeless persons on Church premises exemplifies and is commanded by the religious doctrine of the Episcopal Church of America, of which St. Paul's is a parish through the Diocese of Easton. This doctrine is firmly founded in the teachings of Jesus, whose injunctions to feed, clothe, welcome, and house the poor are collected in the Gospels of the New Testament of the Christian Bible; the doctrine also draws upon substantial precedent in the books of the Old Testament.

24. The Town's demand that the Church expel its homeless guests for alleged zoning code violations and the imposition of daily civil fines imposes a substantial burden on the free exercise of Plaintiffs' religious beliefs.

25. The persecution of the Church by the Town is supported by no compelling governmental interest. To whitewash an action unmistakably taken to appease commercial and political considerations, the Town has advanced a

8

sophistical and easily rebutted interpretation of its zoning code. Ironically, in housing homeless persons who do not have recourse to other shelters, the Church is doing the Town a service and indeed is doing the Town's work for it.

26.   Thus, the Town's actions clearly violate RLUIPA, entitling the Church to plenary relief under that statute, including, without limitation, declaratory and injunctive relief and an award of attorneys' fees and costs.

## CLAIMS FOR RELIEF

27.   As relief for their causes of action, Plaintiffs respectfully request that this Honorable Court grant the following relief:

A)   Enter a declaratory judgment determining that Defendants have violated the First Amendment to the United States Constitution and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et seq.*, by seeking to prohibit the Church's use of its facility to house homeless persons, and further determining that any citations issued or fines sought to be imposed pursuant to that prohibition are null, void, and of no effect.

B)   Issue permanent injunctive relief commanding Defendants to refrain from further action obstructing the Church in its use of its facilities to house homeless persons.[1]

C)   Assess and award attorneys' fees and costs in favor of Plaintiff St. Paul's By-The-Sea Episcopal Church and against the Town arising from

---

[1] Plaintiffs do not seek a preliminary injunction only because counsel for the Town has agreed to suspend enforcement action against the Church pending resolution of this proceeding.

Defendants' violations of the Constitution and laws of the United States of America.

D)      Grant such other and further relief as the nature of Plaintiffs' cause may warrant.

Respectfully Submitted,

ROBIN R. COCKEY, Federal Bar No. 02657
Cockey, Brennan & Maloney, PC
313 Lemmon Hill Lane
Salisbury, MD 21801
410-546-1750
Fax: 410-546-1811
rrcesq@cbmlawfirm.com
*Attorney for Plaintiffs*

10