**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| SAINT PAUL'S BY-THE-SEA EPISCOPAL CHURCH, A/K/A VESTRY OF SAINT PAUL'S BY-THE-SEA, et al. | * | |
| Plaintiffs | * | |
| v. | * | CASE NO. 1:26-cv-02416-JRR |
| MAYOR AND CITY COUNCIL OF OCEAN CITY, MARYLAND | * | |
| Defendant | * | |

* * * * * * * * * * * * *

**DEFENDANT MAYOR AND CITY COUNCIL OF OCEAN CITY, MARYLAND'S ANSWER TO COMPLAINT AND COUNTERCLAIM**

NOW COMES Defendant, MAYOR AND CITY COUNCIL OF OCEAN CITY, MARYLAND ("Defendant"), by and through its counsel, Bruce F. Bright, Heather E. Stansbury, Taylor M. Donley, and Ayres, Jenkins, Gordy & Almand, P.A., and hereby answers the Complaint of Plaintiffs, SAINT PAUL'S BY-THE-SEA EPISCOPAL CHURCH, A/K/A VESTRY OF SAINT PAUL'S BY-THE-SEA ("the Church"), DANIEL HARRIS ("Harris"), and THE REVEREND JILL WILLIAMS ("Williams") (collectively referred to herein as "Plaintiffs"), as follows:

1. Defendant denies that it has violated any constitutional, statutory, or other enforceable rights of Plaintiffs. Paragraph 1 of the Complaint otherwise makes legal assertions regarding jurisdiction, to which no response is required.

2. Defendant admits that it is a Maryland municipal corporation. Defendant denies that it has engaged in any actionable acts or omissions. The second sentence in paragraph 2 of

the Complaint makes a legal assertion regarding venue, to which no response is required. Defendant otherwise denies as to paragraph 2.

3. Defendant denies that Plaintiffs are entitled to attorney's fees. As to what the Court may under federal statute, paragraph 3 makes legal assertions to which no response is required.

4. The first sentence of paragraph 4 is admitted. As to the remainder of paragraph 4, Defendant lacks knowledge or information sufficient to admit or deny the allegations.

5. Defendant admits that the Church's website identifies Plaintiff Harris as the senior warden of the St. Paul's Vestry. Defendant otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 5.

6. Defendant admits that, so far as it is aware, Plaintiff Williams is the St. Paul's Rector. Defendant otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 6.

7. Admitted.

8. Defendant admits that St. Paul's is located at 302 North Baltimore Avenue in Ocean City, Maryland. Defendant otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 8 of the Complaint.

9. Defendant admits that Ocean City is a resort municipality, and that the Church is in proximity to the beach and boardwalk and other buildings of various types. Defendant otherwise denies as to paragraph 9 of the Complaint.

10. Defendant denies the accuracy of Plaintiff's characterization of an ordinance adopted by the Mayor and City Council of Ocean City in 2025, namely OC Code Sec. 58-206. Defendant avers in further response that its enacted ordinances, including OC Code Sec. 58-206,

speak for themselves. Defendant denies that the enactment of OC Code Sec. 58-206, or any other Code section, "created an exigent crisis" for homeless/unhoused persons in Ocean City. Defendant denies that St. Paul's has a long-standing practice of sheltering Ocean City's homeless population. Defendant otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 10 of the Complaint.

11. Defendant admits that the Church has unlawfully operated a housing shelter on its property, both indoors and outdoors, and that Defendant has directed the Church to cease doing so. Otherwise, denied.

12. Defendant admits that the Church has unlawfully created and operated, and is unlawfully operating, a barracks style shelter for the unhoused/homeless community, in its assembly hall. Defendant admits that the Ocean City Fire Marshal previously inspected the Church property and that the Church addressed certain fire code issues identified by the Fire Marshal as a result of his inspection. Defendant lacks knowledge or information as to whether the Church property is presently compliant with the fire code. As to the exact number of people sleeping on a nightly basis in the Church's shelter, Defendant lacks knowledge or information sufficient to admit or deny. Defendant otherwise denies as to the allegations in paragraph 12 of the Complaint.

13. Defendant admits that it sent a letter a letter to the Church on or about May 8, 2026, regarding the Church's unlawful and non-compliant shelter and actions by Ocean City that would occur if operation of the shelter continued beyond June 7, 2026, which letter speaks for itself. Defendant otherwise denies as to the allegations in paragraph 13 of the Complaint.

14. Defendant admits that on June 8, 2026, consistent with the Ocean City Code, it began issuing daily civil citations and imposing fines, as a consequence of the Church's unlawful

and non-compliant shelter. Defendant admits that copies of certain of those citations are attached to Plaintiffs' Complaint as Exhibits A and B. Defendant avers in further response that it has issued citations to and imposed fines upon the Church property, which Worcester County Land Records indicate is owned by the Vestry of St. Paul's by the Sea Episcopal Church; and it has done so by serving Plaintiffs Harris (whom the Church's website identifies as senior warden of the Vestry) and Williams (whom Defendant regards as an operator of the shelter) with such citations. Defendant avers in further response that, on June 25, 2026, it voluntarily and without prejudice, reserving all rights, suspended the issuance of further citations/fines, since the dispute between the parties is now actively in litigation in this Court, and Defendant presently sees no point in having the total amount of fines continue to mount while this case is pending. Defendant otherwise denies the allegations in paragraph 14 of the Complaint.

15. Defendant lacks knowledge or information sufficient to admit or deny the allegations in paragraph 15 of the Complaint.

16. Defendant admits that the Ocean City area experiences storms at various times and experiences cold weather during certain months of the year. Defendant lacks knowledge or information sufficient to admit or deny the allegations in the last sentence of paragraph 16 of the Complaint. Defendant lacks knowledge or information sufficient to admit or deny as to whether, and to what extent, unhoused individuals sleeping at the Church's unlawful shelter might otherwise be exposed to weather-related elements. Defendant otherwise denies as to the allegations in paragraph 16 of the Complaint.

17. Denied.

18. Paragraph 18 constitutes argument by Plaintiffs, to which no response is required under applicable Rules. To the extent that a response is required, paragraph 18 is denied.

**COUNT I**

19. The responsive averments above in paragraphs 1-18 are hereby incorporated by reference.

20. Denied.

21. Denied.

**COUNT II**

22. The responsive averments above in paragraphs 1-21 are hereby incorporated by reference.

23. Defendant lacks knowledge or information sufficient to admit or deny as to the allegations in paragraph 23 of the Complaint.

24. Denied.

25. Denied, including without limitation Plaintiffs' unfounded allegation that Defendant is "persecuting" the Church.

26. Denied.

27. Denied.

**AFFIRMATIVE AND OTHER DEFENSES AS TO BOTH CLAIMS**

1. Defendant asserts the defense of estoppel.
2. Defendant asserts the defense of illegality.
3. Plaintiffs have failed to state a claim upon which relief can be granted.
4. Defendant asserts the defense of governmental immunity.
5. Defendants assert the defense of waiver.
6. The Church is not being treated any differently under the Ocean City Zoning Code than any other Ocean City property owner.

7. Any barracks-style housing, however well intentioned, is not permitted in the R-3 Zone in which the Church property is located. This is a neutral and generally applicable prohibition. The Church's shelter has not been a permitted use under the Ocean City Code at any relevant time, including years ago when the Church sought and obtained from Ocean City approval to construct its assembly hall for other purposes. The proposed use(s) of the structure at the time were "assemblies, basketball or games for young people and so forth." The approval for the project was based on that proposed use and was expressly subject to the condition (among others) that the Church comply with "all rules and regulations of the Town."

8. Plaintiffs' purported claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA) is barred because they had no legitimate, preexisting, and reasonable expectation that the Church could operate a homeless shelter on its property.

9. Plaintiffs had no legitimate, reasonable, and/or preexisting expectation that the Church could begin operating its housing shelter on its property, because: 1) the Ocean City Zoning Code prohibits and has for decades prohibited such use in the R-3 Zone; 2) the structure in question (the Church's assembly hall) was not approved, nor was it sought to be approved, for such use when it was built on the property; and 3) the permitting of the construction of the structure (the assembly/parish hall) was expressly conditioned upon the Church complying with the Ocean City Code in all respects.

10. Plaintiffs' claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA) is barred because Defendant has not imposed a substantial burden on Plaintiffs' religious exercise.

11. The Religious Land Use and Institutionalized Persons Act (RLUIPA) is not triggered in this case because the zoning code provisions at issue are neutral and generally applicable and no individualized assessment has been made by Ocean City in regard to the Church and its unlawful shelter.

12. The neutral and generally applicable Ocean City Code provisions at issue are constitutional under the Free Exercise Clause of the First Amendment of the United States Constitution, based on the rational basis review that applies.

**RESERVATION AS TO ADDITIONAL DEFENSES AS TO ALL CLAIMS**

Defendant reserves the right to assert additional defenses based upon information learned or obtained during discovery.

**PRAYER FOR RELIEF AS TO PLAINTIFF'S CLAIMS**

WHEREFORE, Defendant demands: that judgment be entered in Defendant's favor and against Plaintiffs as to all of Plaintiffs' claims as advanced in the Complaint; that such claims be dismissed with prejudice, in their entirety; that Plaintiffs be denied all of the relief they seek in this case; and that Defendant be awarded such other and further relief as this Court deems just and proper.

\

**COUNTERCLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF**

Now Comes the Mayor and City Council of Ocean City, Maryland, by and through its undersigned counsel, and, pursuant to Rule 13 of the Federal Rules of Civil Procedure, brings this Counterclaim against the below-identified Counter-Defendants, for declaratory and injunctive relief, and states as follows:

1. Counter-Plaintiff, the Mayor and City Council of Ocean City, Maryland ("Ocean City") is Maryland municipal corporation having the capacity and standing to bring this counterclaim.

2. Counter-Defendant Saint Paul's By-The-Sea Episcopal Church ("the Church" or "St. Paul's") is an Episcopal Church located in Ocean City, Maryland.

3. Counter-Defendant Daniel Harris ("Harris") is identified on the Church's website as the senior warden of the St. Paul's Vestry. Upon information and belief, Harris resides in Maryland.

4. Counter-Defendant Jill Williams ("Williams") has been identified by Counter-Defendants as the St. Paul's Rector. Upon information and belief, Williams resides in Maryland.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331, in that this counterclaim presents federal questions.

6. Venue in this Court is proper under 38 U.S.C. §1391(b).

7. The Church has operated (since at least April 2026) and is operating an unlawful and unpermitted barracks style housing shelter, on its property and within its assembly hall structure.

8. Harris is leader of the Vestry and Williams is the operator of the Church's unlawful and unpermitted barracks style housing shelter.

9. By letter sent on or about May 8, 2026, Ocean City advised the Church as to what would occur from an enforcement standpoint if operation of the shelter continued beyond June 7, 2026.

10. On June 8, 2026, consistent with the Ocean City Code, Ocean City began issuing daily civil citations and imposing fines, as a consequence of the Church's unlawful and non-compliant shelter.

11. Ocean City has issued citations to and imposed fines upon the Church property, which Worcester County Land Records indicate is owned by the Vestry of St. Paul's by the Sea Episcopal Church; and it has done so by serving Plaintiffs Harris (whom the Church's website identifies as senior warden of the Vestry) and Williams (whom Defendant regards as an operator of the shelter) with such citations.

12. On June 25, 2026, Ocean City voluntarily and without prejudice, reserving all rights, suspended the issuance of further citations/fines, since the dispute between the parties is now actively in litigation in this Court, and because Ocean City sees no point in having the total amount of fines continue to mount while this case is pending.

13. Any barracks style housing, however well-intentioned, is not permitted in the R-3 Zone in which the Church property is located. This is a neutral and generally applicable prohibition.

14. The Church's shelter has not been a permitted use under the Ocean City Code at any relevant time, including years ago when the Church sought and obtained from Ocean City approval to construct its assembly hall for other purposes. The proposed use(s) of the structure at the time were "assemblies, basketball or games for young people and so forth." The approval for

the project was based on that proposed use and was expressly subject to the condition (among others) that the Church comply with "all rules and regulations of the Town."

15. Plaintiffs' purported claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA) is barred because they had no legitimate, preexisting, and reasonable expectation that the Church could operate the subject housing shelter on its property.

16. Plaintiffs had no legitimate, reasonable, and/or preexisting expectation that the Church could begin operating its homeless shelter on its property, because: 1) the Ocean City Zoning Code prohibits and has for decades prohibited such use in the R-3 Zone; 2) the structure in question (the Church's assembly hall) was not approved, nor was it sought to be approved, for such use when it was built on the property; and 3) the permitting of the construction of the structure (the assembly/parish hall) was expressly conditioned upon the Church complying with the Ocean City Code in all respects.

17. Plaintiffs' claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA) is barred because Defendant has not imposed a substantial burden on Plaintiffs' religious exercise.

18. The Religious Land Use and Institutionalized Persons Act (RLUIPA) is not triggered in this case because the zoning code provisions at issue are neutral and generally applicable and no individualized assessment has been made by Ocean City in regard to the Church and its unlawful shelter.

19. The neutral and generally applicable Ocean City Code provisions at issue are constitutional under the Free Exercise Clause of the First Amendment of the United States Constitution, based on the rational basis review that applies.

20. Ocean City is entitled to declaratory relief in its favor, as requested herein, under 28 U.S.C. §2201(a).

21. There exists an actual and justiciable controversy between the parties, within the subject matter jurisdiction of this Court, which will be terminated by the declaratory and other relief requested herein, and which should be terminated in Ocean City's favor.

22. Ocean City is entitled to a permanent injunction, which this Court has jurisdiction and authority to grant, enjoining Counter-Defendants from further operating the subject shelter.

**PRAYER FOR RELIEF AS TO COUNTERCLAIM**

WHEREFORE, Counter-Plaintiff demands that judgment be entered in Ocean City's favor and against Counter-Defendants as follows:

1. That the Court find and declare that Counter-Defendants' housing shelter, and operation of same, is not compliant with applicable law.
2. That the Court find and declare that Counter-Defendants' housing shelter is not permitted under the Ocean City Zoning Code.
3. That the Court find and declare that Counter-Plaintiff's zoning code and its enforcement actions against and as to Counter-Defendants' housing shelter do not trigger protections afforded under RLUIPA, because the zoning code provisions at issue are neutral and generally applicable and no individualized assessment has been made by Ocean City in regard to the Church and its unlawful shelter.
4. That the Court find and declare that, in any event, the Ocean City zoning code and Counter-Plaintiff's enforcement actions against and as to Counter-Defendants' housing shelter do not violate RLUIPA.

5. That the Court find and declare that the Ocean City zoning code and Counter-Plaintiff's enforcement actions against and as to Counter-Defendants' housing shelter do not impose a substantial burden on Counter-Defendants' religious exercise.
6. That the Court find and declare that the neutral and generally applicable Ocean City Code provisions at issue are constitutional under the Free Exercise Clause of the First Amendment of the United States Constitution, based on the rational basis review that applies.
7. That the Court enter a permanent injunction, enjoining Counter-Defendants from and against continuing to operate the subject housing shelter on the Church's property, or any other housing shelter on such property that is not expressly permitted by Ocean City.
8. That the Court award to Counter-Plaintiff such other and further relief as this Court deems just and proper.

AYRES, JENKINS, GORDY & ALMAND, P.A.

By: **/s/ Bruce F. Bright**
Bruce F. Bright (#27236)
6200 Coastal Hwy., Suite 200
Ocean City, Maryland 21842
Tel: 410-723-1400
Fax: 410-723-1861
bbright@ajgalaw.com

By: **/s/ Heather E. Stansbury**
Heather E. Stansbury (#28723)
6200 Coastal Hwy., Suite 200
Ocean City, Maryland 21842
Tel: 410-723-1400
Fax: 410-723-1861
hstansbury@ajgalaw.com

By: **/s/ Taylor M. Donley**
Taylor M. Donley (#32027)
6200 Coastal Hwy., Suite 200
Ocean City, Maryland 21842
Tel: 410-723-1400
Fax: 410-723-1861
tdonley@ajgalaw.com

*Attorneys for Defendant/Counter-Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that, on this 20th day of July, 2026, the foregoing Defendant Mayor and City Council of Ocean City, Maryland's Answer to Complaint and Counterclaim was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

**/s/ Bruce F. Bright**
Bruce F. Bright