*IN THE UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF MARYLAND*

| | | |
|---|---|---|
| **SAINT PAUL'S BY-THE-SEA** | * | |
| **EPISCOPAL CHURCH,** *et al.* | | |
| | * | |
| *Plaintiff,* | | **Case No.:** 1:26-cv-02416-JRR |
| | * | |
| **v.** | | |
| | * | |
| **MAYOR AND CITY COUNCIL OF** | | |
| **OCEAN CITY, MARYLAND** | * | |
| | | |
| *Defendant.* | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ANSWER TO COUNTERCLAIM

Plaintiffs/Counter-Defendants Saint Paul's By-The-Sea Episcopal Church (the "Church"), Daniel Harris ("Mr. Harris"), and Jill Williams ("Rev. Williams") by and through undersigned counsel, pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, answers the Counterclaim filed by Defendant/Counter-Plaintiff Mayor and City Council of Ocean City, Maryland's (the "Town") and states as follows:

1.     Admitted.

2.     Admitted.

3.     Admitted.

4.     Admitted.

5.     Paragraph 5 consists of legal conclusions to which no response is required. To the extent any such response is required, denied.

6.     Paragraph 6 consists of legal conclusions to which no response is required. To the extent any such response is required, denied.

7.  Denied.

8.  Admitted in part and denied in part. Counter-Defendants admit Daniel Harris is a member of the Vestry. Counter-Defendants deny the remaining allegations set forth in Paragraph 8.

9.  Counter-Defendants admit the Town sent a letter to the Church on or about May 8, 2026. The letter speaks for itself and any characterization thereof is denied.

10. Admitted in part and denied in part. Counter-Defendants admit the Town began imposing fines upon the Church on or about June 8, 2026 in violation of Counter-Defendants' rights under Free Exercise Clause of the First Amendment of the Constitution of the United States. Counter-Defendants deny the remaining allegations set forth in Paragraph 10 and further deny the allegation that their activities are unlawful.

11. Admitted.

12. Admitted in part and denied in part. Counter-Defendants admit the Town suspended the issuance of further citations on or about June 25, 2026 in light of the instant litigation. Counter-Defendants are without sufficient knowledge to form a belief as to the truth of the remaining allegations set forth in Paragraph 12 and, therefore, deny said allegations.

13. Denied. In particular, Counter-Defendants deny the Town's characterization of its facilities as "barracks-style housing" or otherwise in noncompliance with the Town's zoning code.

14. Denied.

15. Paragraph 15 consists of legal conclusions to which no response is required. To the extent a response is required, denied.

16. Paragraph 16 consists of legal conclusions to which no response is required. To the extent a response is required, denied.

17. Paragraph 17 consists of legal conclusions to which no response is required. To the extent a response is required, denied.

18. Paragraph 18 consists of legal conclusions to which no response is required. To the extent a response is required, denied.

19. Paragraph 19 consists of legal conclusions to which no response is required. To the extent a response is required, denied.

20. Paragraph 20 consists of legal conclusions to which no response is required. To the extent a response is required, denied.

21. Paragraph 21 consists of legal conclusions to which no response is required. To the extent a response is required, denied.

22. Paragraph 22 consists of legal conclusions to which no response is required. To the extent a response is required, denied.

## PRAYER FOR RELIEF

In Answering Counter-Plaintiff's "Prayer for Relief" section, Counter-Defendant denies Counter-Plaintiff is entitled to some or all the relief requested therein and in each and every count of the Counterclaim.

## AFFIRMATIVE DEFENSES

1. Counter-Plaintiff's Counterclaim fails to state claims upon which relief may be granted.

2.    Counter-Plaintiff's Counterclaim is barred by estoppel.

3.    Counter-Plaintiff's Counterclaim is barred by unclean hands.

4.    Counter-Plaintiff's Counterclaim is barred by illegality.

5.    Counter-Plaintiff's request for relief is barred by the First Amendment of the United States Constitution.

6.    Counter-Plaintiff's Counterclaim is barred by the Religious Land Use and Institutionalized Persons Act.

7.    Counter-Plaintiff's Counterclaim is barred, in whole, or in part, by additional affirmative defenses that cannot now be asserted due to the generality of the pleadings and the fact that discovery has not been completed.

8.    Counter-Defendants intend to rely upon any and all other defenses as may be developed through discovery or otherwise and expressly reserves the right to amend or supplement its Answer and defenses as may be appropriate during the course of this litigation.

### **PRAYER FOR RELIEF**

WHEREFORE, Counter-Defendants respectfully request this Honorable Court enter judgment:

1.    Dismissing the Counterclaim in its entirety;

2.    Denying Counter-Plaintiff's request for equitable relief; and

3.    Granting Counter-Defendant such other and further relief as the nature of its cause may warrant.

ROBIN R. COCKEY, Federal Bar No. 02657
Cockey, Brennan & Maloney, PC

4

313 Lemmon Hill Lane
Salisbury, MD 21801
410-546-1750
Fax: 410-546-1811
rrcesq@cbmlawfirm.com
*Counsel for Plaintiffs/Counter-Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 27th day of July 2026, I caused a copy of the foregoing Answer to be served via ECF upon all persons entitled to receive such notice.

Robin R. Cockey, Esquire

5